Filed 8/28/25 P. v. O'Shea CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| THE PEOPLE, | B341263 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. GA114835) |
| v. | |
| TODD PATRICK O'SHEA, | |
| Defendant and Appellant. | |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County. Adam Y. Chang, Judge. Affirmed.

Sally Patrone, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Todd Patrick O'shea appeals from the trial court's postjudgment order terminating his probation and sentencing him to a three-year term in county jail. O'shea's appellate counsel filed a brief asking this court to proceed under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We affirm.

In a felony complaint, the Los Angeles County District Attorney's Office charged O'shea with four counts of identity theft after a prior conviction of that offense in violation of Penal Code[1] section 530.5, subdivision (c)(2). As to each count, it was alleged that O'shea had 17 prior felony convictions within the meaning of section 1203, subdivision (e)(4).

On March 1, 2024, O'shea pled no contest to one of the felony identity theft counts and admitted the prior conviction allegations. The trial court accepted the plea, selected the high term of three years, and suspended the imposition of the sentence. The court placed O'shea on formal probation for two years subject to various terms and conditions. As part of the plea, the remaining counts were dismissed.

On May 17, 2024, the trial court found that O'shea was in possession of a firearm in violation of the terms of his probation, and set the matter for a probation violation hearing. On that date, O'shea filed a motion in propria persona to vacate his plea.

At a hearing held on August 7, 2024, O'shea withdrew the motion to vacate his plea and admitted to a violation of his probation. The trial court terminated O'shea's probation and sentenced him to the high term of three years to be served in county jail. The court granted O'shea a total of 265 days of

---

[1]     Unless otherwise stated, all further statutory references are to the Penal Code.

2

custody credits, consisting of 133 days of actual custody credit and 132 days of conduct credit.

On September 30, 2024, O'shea filed a notice of appeal from the trial court's August 7, 2024 order based upon the sentence or other matters occurring after the plea. On November 4, 2024, our Administrative Presiding Justice issued an order providing that this appeal is limited to issues that do not require a certificate of probable cause.

We appointed counsel to represent O'shea on appeal. After an examination of the record, appellate counsel filed an opening brief which raised no issues and requested this court conduct an independent review of the record pursuant to *Wende*, *supra*, 25 Cal.3d 436. On April 8, 2025, we advised O'shea that he had 30 days in which to submit a supplemental brief stating any grounds for appeal or arguments he wished for this court to consider. O'shea did not submit a supplemental brief.

A criminal defendant who appeals following a plea of no contest or guilty without a certificate of probable cause may only challenge the denial of a motion to suppress evidence or assert grounds arising after the entry of the plea that do not affect the plea's validity. (§ 1237.5; Cal. Rules of Court, rule 8.304(b).) We have examined the record with respect to sentencing or postplea issues that do not in substance challenge the validity of the plea itself. Based on our examination of this record, we are satisfied O'shea's appellate attorney has fully complied with the responsibilities of counsel and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 119; *Wende*, *supra*, 25 Cal.3d at p. 441.)

3

## DISPOSITION

The postjudgment order terminating probation and imposing a three-year sentence is affirmed.

VIRAMONTES, J.

WE CONCUR:

WILEY, Acting P. J.

RUBIN, J.[*]

---

[*]     Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

4